**TIFFANY & BOSCO, P.A.**
Ace C. Van Patten, Esq.
Nevada Bar No. 11731
Krista J. Nielson, Esq.
Nevada Bar No. 10698
10100 W. Charleston Boulevard, Suite 220
Las Vegas, NV 89135
Telephone:  702 258-8200
Fax:  702 258-8787
nvbk@tblaw.com
TB 19-73486

Attorneys for *Secured Creditor* Towd Point Mortgage Trust 2019-SJ1, U.S. Bank National Association, as Indenture Trustee

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE: | BK Case No. 20-11544-abl |
| FREDERICK SMITH DBA NEURO NAVIGATION, | Chapter 13 |
| Debtor. | **OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN** |

**OBJECTION TO CONFIRMATION OF PROPOSED CHAPTER 13 PLAN**

**RE: REAL PROPERTY LOCATED AT:**

**16837 Los Alimos St, Granada Hills, CA 91344-5054**

Towd Point Mortgage Trust 2019-SJ1, U.S. Bank National Association, as Indenture Trustee ("Creditor"), Secured Creditor in the above-entitled Bankruptcy proceeding, hereby submits the following Objection to Confirmation of Chapter 13 Plan ("Objection") proposed by the Debtor, Frederick Smith ("Debtor").  This Objection is based on the authorities cited herein and on such additional submissions and argument as may be presented at or before the confirmation hearing.

/././

/././

1

## I. STATEMENT OF FACTS

Creditor's claim is evidenced by a promissory note executed by Debtor and dated August 14, 2007, in the original principal sum of $94,000.00 (the "Note"). The Note is secured by a second mortgage deed of trust (the "Deed of Trust") encumbering the real property commonly known as 16837 Los Alimos St, Granada Hills, CA 91344-5054. Creditor holds possession of the Note, which is indorsed in blank. The beneficial interest in the Deed of Trust was also subsequently transferred to Creditor. Together, the Note and Deed of Trust are collectively referred to hereafter as the "Loan".

Creditor is in the process of finalizing its proof of claim for this matter and estimates that its total secured claim is in the approximate amount of $86,936.61 and that its pre-petition arrearage claim is in the approximate amount of $8,675.82.

On July 29, 2019, Debtor filed a prior voluntary petition for relief under Chapter 13 of the Bankruptcy Code, and was assigned case number 19-14828; said case was dismissed on January 29, 2020 for failure to resolve the Trustee's Opposition to Confirmation of the Plan and delinquent plan payments.

On March 23, 2020, the Debtor filed their amended Chapter 13 Plan (the "Plan") providing for monthly payments to the Trustee in the total amount of $54,000.00 over thirty-six (36) months. However, the Debtor's Plan fails to properly provide for Creditor's Claim and indicates that no monthly payments or payments on arrears will be made as the Debtor intends to sell the Subject Property and resolve the total claim with the sale of the property. The Plan further provides that the equity cushion in the property will protect the secured creditors until the sale is completed. To date, the Property has not yet been sold and Creditor is receiving no payments.

Creditor now objects to the Chapter 13 Plan filed herein by the Debtors.

/././

/././

**II.    ARGUMENT**

The provisions of 11 United States Code ("U.S.C.") Section 1325 set forth the requirements for the Court to confirm a Chapter 13 Plan. The burden is on the debtor to demonstrate that the plan meets the conditions essential for confirmation. <u>Warren v. Fidelity & Casualty Co. of N.Y. (In re Warren)</u>, 89 B.R. 87, 93 (9th Cir. BAP 1988). For the reasons detailed herein, the Debtor fails to meet this burden.

**A.    THE PLAN FAILS TO PROMPTLY CURE CREDITOR'S PRE-PETITION ARREARS AS REQUIRED UNDER 11 U.S.C. §1322(b)(5).**

Section 1322(b)(5) of the Bankruptcy Code provides for the curing of any default on a secured or unsecured claim on which the final payment is due after the proposed final payment under the plan. Creditor's secured claim consists of approximately $8,675.82 in pre-petition arrears, however, the Plan provides for the cure of only $5,000.00 in arrears and indicates that no payments will be made pending sale of the property. As the Plan fails to promptly cure Creditor's pre-petition arrears, it cannot be confirmed as proposed.

**B.    THE PLAN FAILS TO PROVIDE FOR ONGOING POST-PETITION PAYMENTS.**

Section 1322(b)(5) of the Bankruptcy Code provides for the maintenance of post-petition payments on a secured or unsecured claim on which the final payment is due after the proposed final payment under the plan. 11 U.S.C. § 1322(b)(5). Here, the loan relating to Creditor's secured claim matures September 1, 2027, which is after the term of the Plan, yet the Plan provides that no post-petition payments will be made pending sale of the Subject Property. As the Plan fails to provide for the maintenance of post-petition payments on Creditor's secured claim, it cannot be confirmed as proposed.

Any Chapter 13 Plan proposed by the Debtor must provide for and eliminate the Objections specified above in order to be feasible and to provide adequate protection to this Secured Creditor. As it fails to do so, it is respectfully requested that Confirmation of the Chapter 13 Plan as proposed by the Debtor be denied.

1  WHEREFORE, Secured Creditor prays as follows:

2  1. That confirmation of the proposed Chapter 13 Plan be denied;

3  2. For attorney's fees and costs incurred herein;

4  3. For such other and further relief as this Court deems just and proper.

6  DATED this 15th day of April, 2020.

**TIFFANY & BOSCO, P.A.**

By /s/ Ace C. Van Patten, Esq.
ACE C. VAN PATTEN, ESQ.
Attorney for Secured Creditor
10100 W. Charleston Boulevard, Suite 220
Las Vegas, NV 89135

4

**TIFFANY & BOSCO, P.A.**
Ace C. Van Patten, Esq.
Nevada Bar No. 11731
Krista J. Nielson, Esq.
Nevada Bar No. 10698
10100 W. Charleston Boulevard, Suite 220
Las Vegas, NV 89135
Telephone:  702 258-8200
Fax:  702 258-8787
nvbk@tblaw.com
TB 19-73486

Attorneys for *Secured Creditor* Towd Point Mortgage Trust 2019-SJ1, U.S. Bank National Association, as Indenture Trustee

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE:<br><br>FREDERICK SMITH DBA NEURO NAVIGATION,<br><br>       Debtor. | BK Case No. 20-11544-abl<br><br>Chapter  13<br><br>**CERTIFICATE OF SERVICE** |

### CERTIFICATE OF SERVICE

1. On this 15th day of April, 2020, I served the following documents:

   **OBJECTION TO CONFIRMATION OF PROPOSED CHAPTER 13 PLAN**

2. I caused to be served the above-named document by the following means to the persons as listed below:

   X  **a. ECF System**

      David M. Crosby
      info@crosby-fox.com
      Attorney for Debtor

      Rick A. Yarnall
      ecfmail@LasVegas13.com
      Trustee

5

    X  **b. United States mail, postage fully prepaid:**

        David M. Crosby
        601 S. 10th Street, Suite 202
        Las Vegas, NV 89101
        Attorney for Debtor

        Frederick Smith
        12 Via Visione #101
        Henderson, NV  89011
        Debtor

**I declare under penalty of perjury the foregoing is true and correct.**

DATED this 15th day of April, 2020.

By: \_\_/s/ Michelle Benson_____

6